```
                                            Pages 1 - 13

                  UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

    Before the Honorable William H. Orrick, Judge

    IN RE: JUUL LABS, INC.,         )
    MARKETING, SALES PRACTICES,     )  No. 19-MD-02913 WHO
    AND PRODUCTS LIABILITY          )
    LITIGATION.                     )
                                    )
    _____)

                            San Francisco, California
                            Friday, February 19, 2021


       TRANSCRIPT OF REMOTE ZOOM VIDEO CONFERENCE PROCEEDINGS
```

**APPEARANCES VIA ZOOM:**

For Plaintiffs:
              LIEFF, CABRASER, HEIMANN & BERNSTEIN
              275 Battery Street, 29th Floor
              San Francisco, California 94111-3339
      **BY: SARAH R. LONDON, ATTORNEY AT LAW**

              GIRARD SHARP
              601 California Street, Suite 1400
              San Francisco, California 94108
      **BY: DENA C. SHARP, ATTORNEY AT LAW**

              KELLER ROHRBACK LLP
              1201 Third Avenue, Suite 3200
              Seattle, Washington 98101
      **BY: DEAN N. KAWAMOTO, ATTORNEY AT LAW**

              WEITZ & LUXENBERG PC
              700 Broadway
              New York, New York 10003
      **BY: ELLEN RELKIN, ATTORNEY AT LAW**

           **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported Remotely By:   Ruth Levine Ekhaus, RMR, RDR, FCRR
                       CSR No. 11024, Official U.S. Reporter

**APPEARANCES VIA ZOOM:**   (CONTINUED)

For Defendant Juul Labs, Inc.:
　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　300 North LaSalle Drive
　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　BY:  **RENEE D. SMITH, ATTORNEY AT LAW**

　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　1301 Pennsylvania Avenue N.W.
　　　　　　　　　　Washington, D.C. 20004
　　　　　　　BY:  **PETER A. FARRELL, ATTORNEY AT LAW**

　　　　　　　　　　MUNGER TOLLES & OLSON
　　　　　　　　　　350 South Grand Avenue, 50th Floor
　　　　　　　　　　Los Angeles, California 90071
　　　　　　　BY:  **GREGORY P. STONE, ATTORNEY AT LAW**

For Defendants Altria Group, Inc. and Philip Morris USA Inc.:
　　　　　　　　　　ARNOLD & PORTER KAYE SCHOLER LLP
　　　　　　　　　　601 Massachusetts Avenue N.W.
　　　　　　　　　　Washington, D.C. 20001
　　　　　　　BY:  **JOHN C. MASSARO, ATTORNEY AT LAW**

For Defendants Hoyoung Huh, Nicholas Pritzker and Riaz Valani:
　　　　　　　　　　KELLOGG HANSEN TODD FIGEL & FREDERICK
　　　　　　　　　　1615 M Street N.W., Suite 400
　　　　　　　　　　Washington, D.C. 20036
　　　　　　　BY:  **MICHAEL J. GUZMAN, ATTORNEY AT LAW**

For Defendants Mother Murphy's Laboratories, Inc., and Alternative Ingredients, Inc.:
　　　　　　　　　　TYSON & MENDES, LLP
　　　　　　　　　　523 Fourth Street, Suite 100
　　　　　　　　　　San Rafael, California 94901
　　　　　　　BY:  **MITCHELL MALACHOWSKI, ATTORNEY AT LAW**

For Defendant 7-Eleven, Inc.:
　　　　　　　　　　ESBROOK LAW LLC
　　　　　　　　　　77 W. Wacker Drive - Suite 4500
　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　BY:  **CHRISTOPHER J. ESBROOK**
　　　　　　　　　　**ATTORNEY AT LAW**

　　　　　**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

1  **APPEARANCES**:  (CONTINUED)

2  For Defendant McLane Company, Inc.:
                   WHEELER TRIGG O'DONNELL LLP
3                  370 - 17th Street, Suite 4500
                   Denver, Colorado  80202
4              BY: **MICHAEL L. O'DONNELL, ATTORNEY AT LAW**

5  For Defendant James Monsees:
                   ORRICK, HERRINGTON & SUTCLIFFE LLP
6                  The Orrick Building
                   405 Howard Street
7                  San Francisco, California 94105-2660
               BY: **JAMES E. THOMPSON, ATTORNEY AT LAW**
8

9  For Defendant Adam Bowen:
                   BOERSCH & ILLOVSKY LLP
10                 1611 Telegraph Avenue, Suite 806
                   Oakland, California 94612
11             BY: **EUGENE G. ILLOVSKY, ATTORNEY AT LAW**

```
 1   Friday - February 19, 2021                            1:16 p.m.
 2                         P R O C E E D I N G S
 3                               ---oOo---
 4        THE CLERK:  We're going to go ahead and proceed then
 5   in Case Number 19-2913, In Re:  Juul Labs Incorporated.
 6        Counsel, if you would please state your appearances for
 7   the record.
 8        THE COURT:  I think I will save counsel from --
 9        THE CLERK:  You're right.
10        THE COURT:  -- stating their appearances and ask you,
11   when you do speak, to identify yourself for the record.
12        And so welcome, everybody, particularly those who were not
13   in the in-chambers Zoom session that we just had.  I apologize
14   for being a little late today, but there were, as you saw in
15   the case management statement, a number of issues that we had
16   some discussion about in chambers, and I'll now allow some
17   discussion outside of chambers in addition to letting you know
18   my perspective on those things.
19        So, first, the parties have reached agreements regarding
20   the dismissal of retailer, distributor, and e-liquid defendants
21   for the PI bellwethers.  Those dismissals are fine, and the
22   agreements that were reached related to them are fine.
23        Second, with respect to the personal injury bellwether
24   pool, I do not want to limit my selection of the appropriate
25   bellwethers.  And I understand there have been some plaintiffs
```

1  who decided not to proceed on those picks.  There was some
2  switching in and out.  There's a slight variance now in the
3  number of cases that were selected by the defendants rather
4  than the plaintiffs.
5      And at the end of the day, the selections are going to be
6  mine.  They're going to be based on the arguments that the
7  parties make with respect to what the appropriate bellwethers
8  are.  I don't want to limit my ability to pick the cases that
9  are the most appropriate to go forward.  And so at this point,
10 I'm not going to allow any further -- or I'm not going to allow
11 any changes to the way that those cases are selected.
12     There's no -- the parties have made clear, there's no
13 effort at manipulation of the pool or anything like that.  It's
14 just different people have different perspectives about what's
15 fair.  And at the end of the day, I decided that I wanted to
16 have the biggest pool as possible.
17     With respect to the class-action schedule, the change that
18 the plaintiffs have proposed, I said in the chambers session,
19 and I will say now, I don't like to alter case management
20 schedules; and I particularly don't like to alter trial dates
21 that I've imposed.  So the plaintiffs do appear to have good
22 reason for modifying the class certification schedule, and I'm
23 going to allow the modification.
24     I am also, as Altria suggested, extending the
25 expert-related and the summary judgment deadlines for the class

1  case, extending them by an identical amount because they're
2  tied together.
3     That doesn't resolve the issue that the defendants more
4  generally raised, which is that the entire schedule should be
5  extended for six weeks. And as to that, a couple of things.
6     One is that this request, suggestion came as a result of
7  the plaintiffs raising their concern about extending the class
8  schedule the day before the CMC statement was due. And so the
9  parties haven't had a chance to really consider what is
10 necessary, where there would be a good reason to extend the
11 schedules other than the class schedule that I just described.
12    So what I've asked lead counsel to do is to meet and
13 confer over this; try to agree, to the extent they can, on how
14 the schedule could be accommodated; and to the extent that they
15 don't agree, to propose competing schedules by next Friday so
16 that I can take a look at this and resolve it.
17    I do recognize -- and there have been statements in each
18 of the last three, I think, chambers sessions -- that this is a
19 very tight schedule and that the defendants have very real
20 concerns about whether it can be accomplished harmoniously with
21 the interests of justice. And so I am aware of that and will
22 be looking at the schedule with that in mind if there's
23 disagreements.
24    Next, the defendants wanted to defer discussion on the
25 trial mechanics, which is fine. I do think it will be helpful

1  for people sooner, rather than later, to be focusing on the
2  trials because they're coming, and how they get put together
3  would always make a difference to me when I was doing discovery
4  and getting ready to try a case.  I liked to know how it was
5  going to end up being presented.  So, but we'll defer that for
6  at least a couple of months.
7      There is a new member of the plaintiffs' steering
8  committing who was appointed, Ms. Baig, and that's fine.
9      The next issue involves discovery for the government
10 entities.  And we had a lengthy discussion on that.  I'll just
11 start off by saying that I thought it was clear that there
12 would be sequenced discovery between Waves 1 and 2.  And since
13 I didn't select the Wave 1 cases for the government entities
14 until February 2nd, that's the date that discovery is deemed
15 served for them.
16     Mr. Stone raised a number of serious concerns about the
17 short period of discovery for this wave of four months, and
18 also raised the question of whether discovery shouldn't be
19 ongoing for the second wave as well.
20     And, Mr. Stone, I don't know whether you wanted to discuss
21 that any further on the record, just to let people know what
22 your concerns are, or not.
23         **MR. STONE:**  Your Honor, I appreciate that offer.  I
24 think what I was attempting to do was to persuade Your Honor of
25 the seriousness of the problem, which I think you heard me out,

1  which I very much appreciate.  I don't think I need to share my
2  thoughts with others because I'm only trying to persuade you
3  and not others.
4      So I think we can recall this conversation that we had in
5  chambers if we ever need to; but, no, I don't need to address
6  it further here.  I appreciate the offer, however, Your Honor.
7  Thank you very much.
8           **THE COURT:**  Okay.  And I am very cognizant of the
9  concerns that you raise, the concern that Mr. Farrell has
10 raised in prior CMC sessions.  And I'm also top-of-mind
11 concerned about getting these cases to trial.  And so I hold
12 all of those close, and we'll be talking about them, I'm
13 confident, in CMCs to come.
14     The next issue was the question of how to treat the
15 dismissal of class representatives.  And I think there is a
16 difference between an individual personal injury plaintiff who
17 doesn't provide a fact sheet or an individual government entity
18 that doesn't provide a fact sheet and a class representative
19 who doesn't provide a fact sheet.  And the difference is that I
20 don't think that the class representative should be denied the
21 ability to be a class member and benefit from the results of
22 the class because there's no manipulation involved, and that
23 is -- it's just a fairer, in my mind, way of viewing things.
24     So, but, Ms. Smith, would you like to address that issue?
25           **MS. SMITH:**  Yes, Your Honor.  Thank you.

1   I think mainly -- we put our best things in the papers;
2   but I will just reiterate that as a class rep, these are people
3   who have actually submitted themselves to the jurisdiction of
4   this Court.  They are parties.  And the way the order is, for
5   them to -- for us to even be able to move to dismiss with
6   prejudice, they have to have ignored this Court's orders
7   repeatedly, repeatedly, repeatedly.  So there is a difference.
8       And I do think there is also prejudice to defendants in
9   the sense that we, by not getting their fact sheets, are not
10  getting discovery of things that can be relevant to whether the
11  class should be certified, because these are putative members
12  of the class who we would have otherwise been entitled to get
13  information from.
14      So that, in addition to what is in our papers, is what we
15  would say on that.  I don't know if others -- other defendants
16  have other comments as well.
17          **THE COURT:**  All right.  Do the plaintiffs want to --
18  Ms. Sharp, do you want to respond to that at all?
19          **MS. SHARP:**  Very briefly, Your Honor.
20      From our perspective, it would be an unduly harsh sanction
21  to dismiss those claims with prejudice because, of course,
22  those people do remain absent class members and ought to be
23  entitled to recover if there's a recovery in the class case.
24      We hear the point the defendants have made, but from our
25  perspective, for the reasons the Court said, these people are

differently situated; and dismissal with prejudice would, from our perspective, not be a very good fit, given the role that class representatives play.

**THE COURT:** All right. Thank you. So I will not order that they be dismissed with prejudice.

And I guess that's -- the final thing, the plaintiffs have provided to me the common benefit order filings, which I appreciate. And they show that there is an enormous amount of work going on. Not that I needed to see that. And, in fact, I'm very glad that Judge Andler is the one who's looking at what the plaintiffs have been up to as opposed to me.

But I know that from the defense, as well as the plaintiffs, you are in the midst of a lot. And it's only going to get more intense and difficult as time goes on. And because of that, I'm very grateful that the lawyers that I see are acting as professionally and collegially as they can in order to both represent their client's interests but, also, the administration of the case in the fairest and most efficient way possible. So I, again, appreciate all of that from the lawyers.

So with that, Ms. London, is there anything else that we ought to discuss?

**MS. LONDON:** Just briefly, Your Honor.

We wanted to just put on the record that we had agreed with the defendants and spoken with Your Honor about for any

1  lawyer appearing in a plaintiff bellwether deposition, if they
2  have made an appearance in the main docket, they do not need to
3  file a separate notice of appearance in the individual case
4  docket.  We just wanted to reflect that on the record so folks
5  were aware of that.
6        **THE COURT:**  Okay.
7        **MS. LONDON:**  And other than that, Your Honor, we do
8  plan to submit to Your Honor a stipulation or competing
9  proposals on page limits and process for the deferred motions,
10 and we'll do so on Monday.
11       **THE COURT:**  Terrific.  Okay.
12       **MR. KAWAMOTO:**  Your Honor, very briefly, I also wanted
13 to confirm, because it's raised in the papers, that the Wave 2
14 discovery against the government entities is stayed.
15       **THE COURT:**  Is stayed for the moment.  Now, we talked
16 about that in the chambers session, and I imagine that will be
17 revisited before nine months are up.  But in the near term,
18 they are stayed.
19     And you can discuss that as part of the discussions that
20 will happen next week that ends up getting a schedule in front
21 of me or at a later time, after -- in April, after we see how
22 well the government entity discovery is proceeding.
23       **MR. KAWAMOTO:**  Thank you, Your Honor.
24       **THE COURT:**  All right.  And, Ms. Smith, is there
25 anything else from the defense perspective?

1    **MS. SMITH:**  Your Honor, just one clarification that
2  may be helpful is for the motions to convert dismissals from
3  without prejudice to with prejudice for certain personal injury
4  plaintiffs, which is Docket 1243, which is up for Your Honor
5  today.
6     With a similar motion last time, I believe Your Honor did
7  a provision where they would have 30 additional days to get in
8  the PFS or it would be converted to a dismissal with prejudice.
9  I don't know if Your Honor would prefer that same procedure.
10 Perhaps it will be addressed in your minute order.  But we just
11 wanted to make sure that was covered as well.
12    **THE COURT:**  All right.  Yes.  And I assume that that's
13 what will happen, and I will put it in the minute order
14 regardless.
15    **MS. SMITH:**  Thank you, Your Honor.
16    **THE COURT:**  All right.  Anything else from anybody on
17 the screen?
18                         (No response.)
19    **THE COURT:**  All right.  It is good to see you all.  I
20 hope you stay healthy.  And I will look forward to seeing you
21 next month and hearing from you much more frequently and
22 quickly.
23    Take care, everybody.
24    **MS. LONDON:**  Thank you, Your Honor.
25    **MR. KAWAMOTO:**  Thank you, Your Honor.

1          **MR. STONE:**  Thank you, Your Honor.

2             (Proceedings adjourned at 1:32 p.m.)

3                        ---o0o---

4                   **CERTIFICATE OF REPORTER**

5        I certify that the foregoing is a correct transcript

6   from the record of proceedings in the above-entitled matter.

7

8   DATE:   Monday, February 22, 2021

13           Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219
                Official Reporter, U.S. District Court